IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) **COMPLAINT** |
| | ) CIVIL ACTION NO. |
| v. | ) |
| BLACKWATER PROTECTION & DETECTIVE AGENCY, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Malorie Martinez.  As alleged with greater particularity in paragraph(s) 11 through 15 below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant BLACKWATER PROTECTION & DETECTIVE AGENCY, LLC, subjected Charging Party to a sexually hostile work environment and terminated her in retaliation because she complained.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Defendant's principal place of business is within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant BLACKWATER PROTECTION & DETECTIVE AGENCY, LLC ("Blackwater" or "Defendant"), a Florida corporation, has continuously been doing business in the State of Florida with its principal place of business in Miami, Florida, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Charging Party Malorie Martinez filed a charge with the Commission alleging violations of Title VII by Defendant Blackwater.

7. On May 4, 2018, the Commission issued to Defendant Blackwater a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 17, 2018, the Commission issued to Defendant Blackwater a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF FACTS

10. On or about January 13, 2017, Blackwater hired Charging Party as a front desk coordinator at its corporate headquarters in Miami, Florida.

11. On or about January 19, 2017, Blackwater Chief Executive Officer Asdel Vazquez ("Vazquez") started subjecting Charging Party to a hostile work environment based on her sex (female) in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a), including but not limited to:

   a. Vazquez asking Charging Party if she was gay, who she found attractive at work, asked if she had ever been with a man, and telling Charging Party he wanted to have a threesome with her.

   b. Vazquez repeatedly asking Charging Party to spend time with him outside of work, including but not limited to offering to take her dancing, drinking, and shopping.

   c. Vazquez walking by Charging Party while she sat at her work station at the front desk, petting her hair and asking her to give him massages.

   d. Vazquez repeatedly calling Charging Party during non-work hours, telling her he wanted to talk to her but not about work.

12. Charging Party repeatedly told Vazquez his advances were unwelcome by not

answering his questions about her personal life, telling him that she did not want to socialize with him outside of work, and stating that she wanted to keep things "professional."

13. On or about Sunday, January 22, 2017, Charging Party told Vazquez she did not want to meet him outside of work and that she wanted to keep things "professional."

14. The following day, on Monday, January 23, 2017, Blackwater fired Charging Party.

15. Blackwater human resources told Charging Party her position was eliminated for budget reasons.

## STATEMENT OF CLAIMS

16. Paragraphs 11 through 15 are fully incorporated herein.

17. Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Charging Party to a sexually hostile work environment.

18. Defendant engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Charging Party in retaliation for engaging in protected activity.

19. The effect of the practices complained of in paragraphs 11 through 15 above has been to deprive Charging Party Martinez of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and her opposition to unlawful practices.

20. The unlawful employment practices complained of in paragraphs 11 through 15 above were intentional.

21. The unlawful employment practices complained of in paragraphs 11 through 15 above were done with malice or with reckless indifference to the federally protected rights of

Charging Party Martinez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including but not limited to permitting a sexually hostile work environment, terminating employees based on their sex, and retaliating against employees who engage in statutorily protected activity in the workplace.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, applicants and employees.

C.	Order Defendant to make whole Charging Party Martinez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof.

D.	Order Defendant to make whole Charging Party Martinez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 15 above, in amounts to be determined at trial.

E.	Order Defendant to make whole Charging Party Grainger by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 through 15 above, including emotion pain and suffering, in amounts to be determined at trial.

F.	Order Defendant to pay Charging Party Martinez punitive damages for its

malicious and reckless conduct, as described in paragraphs 11 through 15 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 24, 2018       RESPECTFULLY SUBMITTED,

.

                JAMES L. LEE
                Deputy General Counsel
                GWENDOLYN Y. REAMS

.

                Associate General Counsel
                U.S. EEOC
                131 M Street, NE
                Washington, D.C. 20507

                ROBERT E. WEISBERG
                Regional Attorney
                KRISTEN FOSLID
                Supervisory Attorney

                <u>S/ BEATRIZ BISCARDI ANDRE</u>
                BEATRIZ BISCARDI ANDRE
                Trial Attorney
                New York Bar No. 4394599
                Special S.D. Fla. ID: A5501597
                beatriz.andre@eeoc.gov
                U.S. Equal Employment Opportunity
                Commission
                Miami District Office
                Miami Tower
                100 S.E. 2nd Street, Suite 1500
                Miami, Florida 33131
                Tel: (305) 808-1803
                Fax: (305) 808-1835