IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )          CIVIL ACTION NO.
                 Plaintiff,           )          1:18-cv-23938-DPG
                                      )
        v.                            )
                                      )
BLACKWATER PROTECTION &               )
DETECTIVE AGENCY, LLC                 )
                                      )
                 Defendants.          )
                                      )
                                      )
_____      )

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal

Employment Opportunity Commission ("EEOC"), on the one hand, and on the other, Blackwater

Protection & Detective Agency, LLC, including its representatives, agents, directors, officers,

integrated enterprises, successors and assigns, which include Supra Security, LLC, as successor,

and Supra Security, Inc., as successor (hereinafter "Blackwater"), and Asdel Vazquez

("Vazquez").   EEOC, Blackwater, and Vazquez are collectively referred to as the "Parties"

throughout this Decree.

## INTRODUCTION

1.      On September 24, 2018, the EEOC filed this lawsuit against Blackwater under Title VII

of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful

employment practices on the basis of sex and retaliation and to provide appropriate relief to

Charging Party Malorie Martinez.  (DE # 1.)  On March 28, 2019, the EEOC filed an Amended

1

Complaint against Blackwater, and other integrated enterprises and successors Supra Security, LLC, and Supra Security, Inc.  (DE # 16.)

2.      EEOC alleges that Blackwater violated Title VII by subjecting Charging Party Malorie Martinez to a hostile work environment on the basis of her sex and terminating her in retaliation for engaging in protected activity.  Blackwater and Vazquez deny these allegations. (DE # 1, 16.)

3.      In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.      If one or more of the provisions are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

6.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action arising from EEOC Charge Number 510-2017-01608. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Defendants other than the Charge Number referred to in this paragraph.

7.     This Decree is binding on Blackwater and its representatives, agents, directors, officers, integrated enterprises, successors and assigns, which include Supra Security, LLC, as successor, and Supra Security, Inc., as successor.

8.     This Decree is binding on Asdel Vazquez, individually.

9.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.     This Court has jurisdiction over the subject matter of this action and the Parties and will retain jurisdiction for the duration of this Decree.

b.     None of the Parties shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

c.     The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of the Charging Parties and the public interest are adequately protected by this Decree.

d.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interests of Charging Party, Blackwater, Vazquez, and the EEOC, and the public.

e.     The terms of this Decree shall be binding upon Blackwater, Supra Security, LLC, as successor, Supra Security, Inc., as successor, and Vazquez.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**DURATION OF THE DECREE**

10.     The duration of the Decree shall be in effect for a period of three (3) years immediately following the Court's execution of the Decree.

**MONETARY RELIEF**

11.     Blackwater and Vazquez shall pay monetary damages totaling Thirty-Five Thousand Dollars (**$35,000.00**) ("Settlement Amount").  This Settlement Amount of **$35,000.00** shall be the full and final amount Blackwater and Vazquez shall pay to settlement claims brought by the EEOC and will be distributed as follows:

| Back Pay<br>[for which an IRS Form  W-2<br>shall issue] | Compensatory and Punitive<br>Damages<br>[for which an IRS Form 1099<br>shall issue] |
| --- | --- |
| **$8,500.00** | **$26,500.00** |

12.     Payment of Back Pay in the amount of $8,500.00 shall be made by check payable to Malorie Martinez and shall be delivered via certified mail to: Beatriz Andre, Trial Attorney United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131. Compensatory Damages in the amount of $26,500.00 shall be made by check payable to Malorie Martinez and shall be delivered via certified mail to: Beatriz Andre, Trial Attorney United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.  Blackwater and Vazquez will provide an IRS form W9 on or before the date the Court approves this Decree.

13.     Blackwater and Vazquez shall make payment of thirty-five thousand dollars ($35,000) within thirty (30) days of Entry of this Decree (which shall include $8,500 in back pay and

$26,500 in compensatory damages).  Prior to Blackwater and Vazquez paying the Settlement Amount, EEOC shall obtain a Release signed by Charging Party and provide a copy to Blackwater and Vazquez.  The Release shall be in the form attached hereto as Exhibit C.

14.     If Blackwater or Vazquez fail to tender the payments described in Paragraph 9, 10 and 11 above, then Blackwater and/or Vazquez shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## INJUNCTIVE PROVISIONS

15.     Blackwater shall implement the injunctive provisions set forth in paragraphs 15-53.

16.     Vazquez shall implement the injunctive provisions set forth in paragraphs 15-53 at Blackwater and at any company/ies in which he has an ownership interest or which he operates or manages as executive, officer, or director during the five years this Decree is effective.

## GENERAL INJUNCTIVE PROVISIONS

17.     Blackwater and Vazquez are enjoined from engaging or permitting subordinates to engage in unlawful conduct that discriminates on the basis of sex, or that subjects employees to a sexually hostile work environment, in violation of Title VII.

18.     Blackwater and Vazquez are enjoined from engaging in any form of retaliation against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of Title VII.

## INJUNCTIVE PROVISION: POSITIVE JOB REFERENCE

19.    If at any time, either during or after the term of this Consent Decree, Blackwater or Vazquez receive any inquiries regarding the employment of Charging Party, in lieu of an oral response, Blackwater and Vazquez shall provide a copy of the letter attached as Exhibit A. No mention of any charge of discrimination or this lawsuit shall be made as part of any reference.

## INJUNCTIVE PROVISION: EEO CONSULTANT

20.    Within thirty (30) days from the Court's execution of this Decree, Blackwater and Vazquez shall retain the services of an Independent EEO Consultant, who has had no previous relationship with Blackwater or Vazquez, and who the Blackwater, Vazquez, and EEOC jointly select. Blackwater and Vazquez shall propose two (2) and EEOC shall propose two (2) consultants to select from. Each proposed consultant must submit a statement of independence, under oath, confirming that he or she has no prior relationship with Blackwater or Vazquez.  If the parties are unable to agree on an EEO consultant, the proposed consultants will be presented to the Court, who will then select from the list of four (4) proposed consultants.

21.    The EEO Consultant will perform services to ensure compliance with this Decree as outlined infra. The EEO Consultant will have the authority and obligation to:

      a.    Receive any and all complaints of sex-based harassment, discrimination, and/or retaliation in Blackwater workplace or involving Vazquez;

      b.    Investigate independently and confidentially any and all complaints of sex-based harassment, discrimination, and/or retaliation in Blackwater workplace or involving Vazquez within seven (7) business days;

c.  Make recommendations to in Blackwater workplace and Vazquez regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint within fourteen (14) business days;

d.  Maintain detailed written records of all complaints, the investigation of such complaints and the disposition of such complaints; and

e.  Forward to Blackwater and Vazquez copies of the written records described above, in intervals negotiated by Blackwater, Vazquez and the EEO Consultant but with no less frequency than required to comply with the Reporting requirements of this Consent Decree as described below.

22.  As set forth above, once the EEO Consultant has investigated a harassment, discrimination, and/or retaliation complaint, the EEO consultant will make recommendations to Blackwater and Vazquez regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint.  Blackwater and Vazquez shall carry out the recommended action within thirty (30) business days unless Blackwater or Vazquez believe and can demonstrate good cause as to why the remedial measure is unduly burdensome.  In such case, the EEOC, Blackwater and Vazquez shall meet and confer within twenty (20) days of the consultant's recommended remedial measures.  The EEO Consultant shall provide both parties with its investigative report, recommendations and investigation file ten (10) days prior to the meet and confer.

23.  The EEO Consultant shall, to the maximum extent practicable and consistent with the EEO Consultant's obligations, work collegially, non-disruptively, and cooperatively with Blackwater and Vazquez so as not to unduly interfere with operations of Blackwater or Vazquez's company/ies.

24.     Blackwater and Vazquez will cooperate with the EEO Consultant to the maximum extent possible to enable the EEO Consultant to fulfill the obligations outlined in this Consent Decree.

25.     All costs incurred for the EEO Consultant's services will be paid by Blackwater and Vazquez.

26.     Blackwater and Vazquez shall retain the services of the EEOC Consultant for a duration of one-year from the day this Decree is approved by the Court.

**INJUNCTIVE PROVISION:**
**CREATION OF HOTLINE FOR COMPLAINTS OF DISCRIMINATION**

27.     Blackwater and Vazquez will create a hotline number where employees of Blackwater or Vazquez's company/ies can report complaints of discrimination.  Blackwater and Vazquez will permit employees to make complaints anonymously.

**INJUNCTIVE PROVISION:**
**ADOPTION AND DISTRIBUTION OF POLICY**
**AGAINST SEX DISCRIMINATION**

28.     Blackwater and Vazquez must create a sexual harassment policy (the "Policy"), consistent with this Decree.

29.     The Policy shall include a formal, written policy addressing allegations of sexual harassment.  The procedure must specify the following:

    a.  Complaints of sex-based harassment, discrimination, and/or retaliation may be made to the EEO Consultant, or the Hotline;

    b.  To the extent not made to the EEO Consultant directly, Blackwater and Vazquez will notify the EEO Consultant of all complaints and/or allegations of sex-based harassment, discrimination, and/or retaliation within five (5) business days.

30.    The Policy must clearly define prohibited conduct and specifically prohibit sex-based harassment, discrimination, and/or retaliation discrimination against all employees, as well as Blackwater and Vazquez customers and clients.

31.    The Policy must provide examples of prohibited conduct, including but not limited to the following:

   a.   Verbal: Jokes, insults and innuendoes based on sex; degrading sexual remarks; comments or questions on a person's body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

   b.   Non-Verbal: Gestures; staring; touching, hugging, and patting; blocking a person's movement; standing too close; brushing against a person's body; and displaying sexually suggestive or degrading pictures.

32.    The Policy must also specify the following:

   a.   Prohibited behavior will not be tolerated from its employees, customers, or clients;

   b.   Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

   c.   Employees will not be required to complain of sex-based discrimination directly to the individual that is engaged in the discriminatory behavior;

   d.   Blackwater and Vazquez and the EEO Consultant will protect the confidentiality of harassment complaints to the extent possible;

   e.   The EEO Consultant and/or Blackwater and Vazquez will conduct a timely, thorough, and impartial investigation;

      f.   Blackwater and Vazquez will take immediate and appropriate corrective action when the company/EEO Consultant determines that sex-based discrimination has occurred; and

      g.   Employees who violate the policy are subject to discipline, up to and including discharge.

      h.   Blackwater and Vazquez and/or EEO Consultant will follow up with the complaining party in thirty (30) and ninety (90) days to ensure that retaliation does not occur.

33.    A Copy of the Policy will be provided to the EEOC within thirty (30) days of the Court's execution of this Decree. Thereafter, copies of the Policy will be distributed to each of Blackwater and Vazquez company/ies employees and managers within sixty (60) days of the Court's execution of this Decree, and thereafter within two weeks of employees' or managers' hire.

34.    A copy of the policy shall also be included in any relevant policy or employee manual maintained by Blackwater and/or Vazquez at his company/ies. The Policy will also be kept and maintained in paper format in a conspicuous and accessible place for all employees of Blackwater and/or Vazquez company/ies printed in a font that is easily legible (at least 11-point font).

## <u>TRAINING: MANAGEMENT TRAINING</u>

35.    Vazquez shall receive individual one-on-one live, in-person training consisting of one hour of training on a bi-annual basis during the term of this Decree (the "Management Training"). There shall be a total of ten (10) Management Trainings during the term of this Decree. The first Management Training shall take place within sixty (60) days of the Court's

execution of this Decree. The remainder of the Management Training sessions shall take place bi-annually, with at least three-month gap between each Management Training.

36.     The Management Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Defendants' Policy; (3) guidance on handling sex-based allegations and other EEO complaints and the need for confidentiality; and (4) training on gender equality and diversity training specific to gender diversity.

## TRAINING: EMPLOYEE TRAINING

37.     Blackwater and Vazquez shall provide all employees training as well.  Employee training shall be provided to Blackwater employees, and to employees of Vazquez's company/ies. This training shall hereinafter be referred to as "Employee Training."

38.      Blackwater and Vazquez shall provide Employee Training consisting of: two (2) hours of live training on an annual basis during the term of this Decree, for a total of five (5) Employee Trainings.  The first Employee Training shall take place within sixty (60) days of the Court's execution of this Decree.

39.     The Employee Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Defendants' Policy; and (3) an explanation of Defendants' reporting structure so that employees know what to do if they experience discrimination at work.

40.   The Management and Employee Training shall be conducted by an individual or an organization mutually agreed upon with EEOC.  Blackwater and/or Vazquez agree to provide EEOC with at least two (2) weeks notice before conducting training sessions pursuant to this Decree.  In the notice, Blackwater and/or Vazquez shall notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training.

41.   Blackwater and Vazquez agree to provide EEOC, upon request, with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.  Additionally, Blackwater and Vazquez agree that the EEOC may, at the EEOC's discretion, be in attendance at each training session.

42.   All costs incurred for the training required herein will be paid by Blackwater and Vazquez.

## POSTING OF NOTICE

43.   Within ten (10) days from the Court's execution of this Decree, Blackwater and Vazquez shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at Blackwater and Vazquez's company/ies facilities in a conspicuous location, easily accessible to and commonly frequented by Blackwater and Vazquez's company/ies employees.  The Notice shall remain posted for five (5) years from the date of entry of this Decree. Blackwater and Vazquez shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  Within fifteen (15) days from the Court's execution of this Decree, Blackwater and Vazquez shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## **MONITORING AND REPORTING**

44.     Blackwater and Vazquez shall furnish to EEOC written Reports twice annually for a period of five (5) years following entry of this Decree, for a total of 10 written Reports for Blackwater and Vazquez.  The first report shall be due June 30, 2019 and thereafter no later than December 30, and June 30 annually.  Each such Report shall contain:

       a.   A certification that the Notice required to be posted in Paragraph 40, above, remained posted during the entire six (6) month period preceding the Report.

       b.   A description of each complaint of sex-based discrimination received by Blackwater and Vazquez at his company/ies within the six (6) month period preceding the report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

       c.   A description of what action, if any, Blackwater and Vazquez took in response to the complaint of discrimination;

       d.   The names of any witnesses to each complaint; and

       e.   The resolution of each complaint occurring within the six (6) month period preceding the report.

       f.   In the event there is no complaints of sex-based discrimination, Blackwater and Vazquez shall send the EEOC a "negative" report indicating no activity.

45.     The EEOC may review compliance with any and all provision of this Decree.

46.     As part of such review, EEOC may inspect facilities, interview employees, and examine and copy documents.  Blackwater and Vazquez will make all employees available to EEOC, and shall permit employees to speak confidentially with EEOC for purposes of verifying compliance with this Decree.

## NOTIFICATION OF SUCCESSORS

47.     Blackwater and Vazquez shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Blackwater and Vazquez's company/ies assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.  During the terms of this Decree, the Decree shall be binding on any potential successor.

## DISPUTE RESOLUTION

48.     In the event that EEOC believes that Blackwater or Vazquez failed to comply with any provision(s) of the Decree, EEOC will notify Blackwater and Vazquez, and Blackwater and Vazquez must make a good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification.  The fifteen (15) business days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 11 and 12 above.

49.     Following the fifteen (15) business days to cure period, EEOC shall have the right to seek Court intervention.

50.     No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any of the terms of this Decree. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of this Consent Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing

14

proceedings to enforce this Decree in the event that Blackwater or Vazquez fail to perform any of the promises or representations herein.

## NO CONDITIONAL RECEIPT

51.    Blackwater or Vazquez will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive her right to apply for a position with Defendants.

## COSTS

52.    Each party to this Decree shall bear its own costs associated with this litigation.

53.    Blackwater and Vazquez shall bear all costs incurred by EEOC caused by Blackwater or Vazquez non-compliance with this Decree, including but not limited to any and all costs arising out of EEOC's efforts to enforce this Decree or remedy any breach in this Court.

**SO ORDERED, ADJUDGED AND DECREED,** this _____day of _____, 2019.

_____

THE HONORABLE DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: June 7, 2019
Robert E. Weisberg, Regional Attorney
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

FOR THE BLACKWATER

By: _____          Date:   06/06/2019
    [corporate representative]


ASDEL VAZQUEZ, Individually

By: _____          Date:   06/06/2019


16

**<u>EXHIBIT A</u>**

**REFERENCE**

Dear _____,

      This letter is in reference to your request for information regarding the employment of Malorie Martinez.   Malorie Martinez served as a front office receptionist for Blackwater Protection & Detective Agency in January 2017.  Company policy does not permit us to provide any additional information concerning Malorie Martinez's employment, but I am sure she can provide you with the details concerning her duties at Blackwater Protection & Detective Agency. I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,

_____
[Blackwater Representative]

## EXHIBIT B

## NOTICE TO ALL BLACKWATER PROTECTION & DETECTIVE AGENCY EMPLOYEES

     This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Blackwater Protection & Detective Agency, LLC et al</u>, Case No.: Case No. 18-cv-23938.  In this case, the EEOC alleged that Defendants through Asdel Vazquez discriminated against a female employee by subjecting her to a sexually hostile work environment, or sexual harassment.  The EEOC also alleged Defendants through Asdel Vazquez retaliated against her by firing her.  Pursuant to a Consent Decree, EEOC and Defendants have resolved the Complaint.  Defendants have agreed to pay a monetary settlement to the victim of discrimination, and to take certain actions to prevent sexual harassment as set out in the Consent Decree resolving this matter.

     Title VII protects individuals from employment discrimination because of their sex. Defendants will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, sex discrimination or retaliation. It is the policy of Defendants to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability.  There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA).

     Defendants assure its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Blackwater and Supra Security's policy prohibiting discrimination.

     EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

     This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Blackwater Litigation Settlement, c/o Robert Weisberg, Regional Attorney, EEOC, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

Date: _____

By: [Blackwater and Supra Security Representative]

### *DO NOT REMOVE THIS NOTICE UNTIL 5 YEARS FROM DATE OF SIGNATURE*

Exhibit C

## **Release**

In consideration for $35,000 paid to me by Blackwater and Asdel Vazquez, in connection with the resolution of EEOC Charge Number 510-2017-01608, I waive my right to recover for any claims of unlawful employment practices on the basis of sex and retaliation under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 that I had against Blackwater and Asdel Vazquez prior to the date of this release and that were included in the claims alleged in EEOC's complaint in the case styled *EEOC v. Blackwater Protection & Detective Agency, et al*, Case No. 1:18-cv-23938-DPG in the District Court in the Southern District of Florida.

DATE:_____

BY:_____
            Malorie Martinez