UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-cv-23938-DPG

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

MALORIE MARTINEZ, individually,

    Plaintiff-Intervenor,

vs.

BLACKWATER PROTECTION &
DETECTIVE AGENCY, LLC,

    Defendant.
_____/

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

Plaintiff-Intervenor, MALORIE MARTINEZ ("Martinez"), by and through the undersigned counsel, hereby moves to intervene in this case against Defendant, BLACKWATER PROTECTION & DETECTIVE AGENCY, LLC ("Defendant"), as authorized by Fed. R. Civ. P. 24, and in support thereof states as follows:

1. Rule 24 imposes a timeliness requirement on motions to intervene; however, unlike time limitations set forth in other Federal Rules, the actual time limits are not set out in Rule 24. *See Heaton v. Monogram Credit Card Bank of Ga*., 297 F.3d 416, 422 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.*

2. "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 216 (11th Cir. 1993).

3. "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene. In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *McDonald v. E. J. Lavino Co.,* 430 F.2d 1065, 1073 (5th Cir. 1970) (citations omitted).

4. Applying those standards in *Chiles v. Thornburgh,* the Eleventh Circuit found timely a motion to intervene filed seven months after the original complaint, three months after a motion to dismiss, and before discovery had begun. 865 F.2d 1197, 1213 (11th Cir. 1989). In support of that finding, the Eleventh Circuit cited a case in which the former Fifth Circuit had found timely a motion to intervene filed more than one year after the original complaint because "there had been no legally significant proceedings other than the completion of discovery and [the] motion would not cause any delay in the process of the overall litigation." *Id.* (*citing Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1125-26 (5th Cir. 1970)).

5. As similar result is warranted here. Though some months have passed since this case was initiated, very little has been done in the way substantive litigation. Defendants filed an Answer to the original Complaint in December 2018. The EEOC thereafter filed an Amended Complaint and Defendants filed an Answer to that pleading. That's it.

6. There is still four months left for discovery and trial is still ten months away. In other words, Defendant simply cannot demonstrate any prejudice to intervention at this time.

Dated June 17, 2019 Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.:
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 17, 2019, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

BEATRIZ BISCARDI ANDRE  
Trial Attorney  
New York Bar No. 4394599  
Special S.D. Fla. ID: A5501597  
beatriz.andre@eeoc.gov  
U.S. Equal Employment Opportunity Commission  
Miami District Office  
Miami Tower  
100 S.E. 2nd Street, Suite 1500  
Miami, Florida 33131  
Tel: (305) 808-1803  
Fax: (305) 808-1835  

JAMES L. LEE  
Deputy General Counsel  
GWENDOLYN Y. REAMS  
Associate General Counsel  
U.S. EEOC  
131 M Street, NE  
Washington, D.C. 20507  

ROBERT E. WEISBERG  
Regional Attorney  
KRISTEN FOSLID  
Supervisory Attorney  

Joshua H. Sheskin, Esquire  
jhs@lubellrosen.com  
LUBELL & ROSEN, LLC  
200 S. Andrews Ave, Suite 900  
Fort Lauderdale, Florida 33301  
Phone: (954) 880-9500  
Fax: (954) 755-2993  
*Attorneys for Defendant*

                                       /s/ Max L. Horowitz  
                                       **Anthony M. Georges-Pierre, Esq.**  
                                       Florida Bar No.: 533637  
                                       agp@rgpattorneys.com  
                                       **Max L. Horowitz, Esq.**  
                                       Florida Bar No.:  
                                       mhorowitz@rgpattorneys.com